# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
09/21/2018
CT Log Number 534100655

**TO:**   Ariel Schachter
NORTHERN LEASING SYSTEMS, INC.
525 Washington Blvd, 15th Floor
Jersey City, NJ 07310

**RE:**   **Process Served in California**

**FOR:**   Northern Leasing Systems Inc.  (Domestic State: NY)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JERRY HERNANDEZ, etc., Pltf. vs. FIRST DATA MERCHANT SERVICES LLC and NORTHERN LEASING SYSTEMS INC., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Sheet, Instructions, Sheet, Complaint, Exhibit(s), Demand, Notice, Stipulation(s), Attachment(s) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA<br>Case # BC721305 |
| **NATURE OF ACTION:** | Class Action - Violation of California Unfair Competition Law |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/21/2018 at 15:59 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Francis J. Flynn<br>LAW OFFICE OF FRANCIS J. FLYNN, JR.<br>422 South Curson Avenue<br>Los Angeles, CA 90036<br>314-662-2836 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780118740616<br><br>Image SOP<br><br>Email Notification,  Elliot Sussman  elliot@sussmanlaw.net |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Wolters Kluwer

Please note that the documents attached
are of poor quality and the enclosed scan is
of the best quality attainable. If you require
improved quality documents, please
contact the serving party.

9-21-18 3:00

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** FIRST DATA MERCHANT
SERVICES LLC AND
NORTHERN LEASING SYSTEMS INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JERRY HERNÁNDEZ, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 10 2018

Sherri R. Carter, Executive Office/Clerk
By: _Britty Smith_ , Deputy
Betthy Smith

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>BC 721305 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Francis J. Flynn, Jr.: Law Office of Francis J. Flynn, Jr. 422 South Curson Avenue Los Angeles, CA 90036
314-662-2836

| DATE:<br>(Fecha) | SEP 10 2018 | SHERRI R. CARTER | Clerk, by<br>(Secretario) | _Britty Smith_ | , Deputy<br>(Adjunto) |
|---|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): NORTHERN LEASING SYSTEMS INC.

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Francis J. Flynn, Jr. Law Office of Francis J. Flynn, Jr. 422 South Curson Avenue Los Angeles, California 90036 TELEPHONE NO.: 314-662-2836 FAX NO.: (855) 710-7706 ATTORNEY FOR (Name): Jerry Hernandez, et al. | **CONFORMED COPY ORIGINAL FILED** Superior Court of California, County of Los Angeles **SEP 10 2018** Sherri R. Carter, Executive Officer/Clerk By: _____, Deputy Betthy Smith |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jerry Hernandez, et al. v. First Data Merchant Services, et al.

**BY FAX**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC 721305 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☑ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | Enforcement of Judgment |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | Miscellaneous Civil Complaint |
| ☐ Civil rights (08) | Unlawful Detainer | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Residential (32) | Miscellaneous Civil Petition |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | Judicial Review | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 5
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/7/2018
Francis J. "Casey" Flynn, Jr.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 (Rev. July 1, 2007) | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**BY FAX**

| SHORT TITLE: Jerry Hernandez, et al. v. First Data Merchant Services LLC, et al. | CASE NUMBER |
|---|---|
| | BC 721305 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: Jerry Hernandez, et al. v. First Data Merchant Services LLC, et al. | CASE NUMBER |
|---|---|

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☑ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jerry Hernandez, et al. v. First Data Merchant Services LLC, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jerry Hernandez, et al. v. First Data Merchant Services LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☑ 2. ☑ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90010 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 9/7/2018

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

LAW OFFICE OF FRANCIS J. FLYNN, JR.
Francis J. Flynn, Jr., SBN 304712
422 South Curson Avenue
Los Angeles, California 90036
T: 314-662-2836
F: 1-855-710-7706
E: casey@lawofficeflynn.com

*Attorneys for Plaintiff and the Proposed Class*

*[Additional Counsel on Signature Page]*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 1 0 2018

Sherri R. Carter, Executive Office/Clerk
By: _____ , Deputy
Betthy Smith

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES
## CENTRAL JUDICIAL DISTRICT

**BY FAX**

JERRY HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

FIRST DATA MERCHANT SERVICES LLC and NORTHERN LEASING SYSTEMS INC.,

Defendants.

Case No.: BC 72 13 0 5

**CLASS ACTION COMPLAINT FOR:**

**(1) BREACH OF CONTRACT**
**(2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**
**(3) VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**(4) FRAUD;**
**(5) VIOLATION OF CALIFORNIA COMMON LAW**

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff Jerry Hernandez (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated, by and through

1

COMPLAINT
Case No.:

1  undersigned counsel, and hereby bring Plaintiff's Class Action Complaint against

2  FIRST DATA MERCHANT SERVICES LLC, including as it operates doing

3  business as FIRST DATA GLOBAL LEASING (hereinafter referred to as

4
5  "Defendant" or "First Data") and Northern Leasing Systems Inc. (hereinafter

6  referred to as "Defendant" or "Northern Leasing Systems Inc."), alleging, upon

7  personal knowledge as to Plaintiff's individual actions and upon information and

8
9  belief and/or counsel's investigations as to all other matters, the following:

10  **I.    INTRODUCTION**

11      1.    This class action seeks compensatory damages, restitution,

12
13  disgorgement of profits, costs of suit, actual damages, attorneys' fees, costs,

14  declaratory judgment, injunctive relief, and any other relief that this Court deems

15  just and proper arising from Defendants' unfair, unlawful, unethical, fraudulent,

16
17  unconscionable, and/or deceptive business policies and practices related to

18  Defendants' marketing and administration of its credit card processing terminal

19  leases and services.

20
21  **II.    PARTIES**

22      **A. Plaintiff**

23      2.    Plaintiff Jerry Hernandez is a citizen of the state of California. Plaintiff

24
25  is a small business owner, who has been damaged as a result of Defendants' unfair,

26  unlawful, unethical, deceptive, unconscionable, and/or fraudulent business

27  practices.  By way of example, and not by way of limitation, Defendant Northern

28                                                 2

COMPLAINT
Case No.:

Leasing Systems Inc., through its Legal Collections Department, has threatened to file a lawsuit against him unless he pays $4,815.73. *See*, Exhibit A, Final Demand. Additionally, the purported delinquency "has been reported to the credit bureaus as a chargeoff or collection account and will be reflected on [his] credit report." *See*, *id*. As a result, Plaintiff's credit score may have been impacted.[1]

**B.      Defendants**

3.      Defendant First Data Merchant Services LLC ("First Data," "FDMS," or "Defendant") is a Florida limited liability company whose members are citizens of the state of Delaware and New York.  Defendant is engaged in the credit card processing equipment lease financing and service business. Through its divisions, subsidiaries, and affiliates, including but not limited to First Data Global Leasing, Defendant FDMS is also engaged in the credit card processing equipment lease financing and service business. Upon information and belief, FDMS is the affiliate, alter ego, parent and/or umbrella organization of FDGL and many other shell entities that conduct leasing operations and provide merchant card services for small businesses.

---

[1] If one has an account reported as in collections, one's credit score may drop by a substantial amount.  *See, e.g.*, https://www.creditkarma.com/advice/i/accounts-in-collections/. The degree to which a collection hurts one's credit score is generally correlated with how high one's credit score is when the collection agency reports the debt. *Id*.  The higher one's score is, the more points one can lose. *Id*.  In addition, the amount of damage to one's credit score may be affected by the collection amount, or how much is owed. *Id*.  The resulting credit score drop from having an account in collections can impact one's future financial plans. *Id*. It may cause one to be denied for credit cards and loans, especially if the collection is recent or remains unpaid (or both). *Id*.

3

COMPLAINT
Case No.:

4.      First Data Merchant Services LLC does business as First Data Global Leasing, which is located at 4000 Coral Ridge Drive in Coral Springs, Florida 33065. First Data Merchant Services, LLC d/b/a First Data Global Leasing is not associated with ethical companies.

5.      For example, First Data Merchant Services LLC is a registered ISO of Wells Fargo Bank, N.A., who was fined by the Consumer Financial Protection Board ("CFPB") and other regulatory bodies for their practice of creating millions of fraudulent savings and checking accounts on behalf of Wells Fargo clients without                      their                      consent.                      *See*, https://en.wikipedia.org/wiki/Wells_Fargo_account_fraud_scandal. (Last visited July 18, 2018).

6.      Additionally, First Data Merchant Services LLC, d/b/a First Global Leasing is also associated with Northern Leasing Systems Inc. In April 2016, the Attorney General's office filed a lawsuit against Northern Leasing Systems Inc., a New York company, and several of its affiliated companies, as well as principal Jay Cohen a/k/a Ari Jay Cohen and others involved in Northern Leasing System Inc.'s operations. The lawsuit alleges that Northern Leasing System, Inc. traps small businesses into never-ending lease agreements for over-priced credit card processing equipment and abused the judicial process by suing to collect on these leases in the Civil Court of the City of New York.  Since 2010, Northern Leasing System Inc. and its related entities have filed over 30,000 actions in New York

4

County Civil Court and obtained over 19,000 default judgments. In 2014 and 2015, their filings accounted for over one fourth of the total general, commercial, and consumer debt filings in New York County Civil Court. From 2010 through 2015, Northern Leasing and related entities also generated the highest volume of complaints received by the Attorney General's office. Over 95 percent of the small business owners sued by Northern Leasing do not reside in New York State, and many cannot afford to physically appear in New York or hire an attorney to represent them. *See*, https://ag.ny.gov/press-release/court-allows-ag-schneidermans-lawsuit-against-northern-leasing-systems-inc-proceed (Last visited: July 19, 2018).

7.     Northern Leasing Systems Inc. ("Northern Leasing Systems Inc.") is an incorporation organized under the laws of New York with a principal place of business in New York, New York.   Northern Leasing Systems Inc. is an Independent Sales Organization ("ISO") and Merchant Service Provider ("MSP") that brokers electronic payment processing services and corresponding agreements to businesses on behalf of third parties, including without limitation, First Data Merchant Services Corporation ("FDMS") and First Data Global Leasing Company ("FDGL"). Northern Leasing Systems Inc. has originated over 500,000 equipment leases since its founding in 1991.[2]  Northern Leasing Systems Inc. can be served

---

[2] *See*, http://www.northernleasing.com/careers.aspx

COMPLAINT
Case No.:

through its registered agent C T Corporation System located at 818 West Seventh Street, Suite 930 in Los Angeles, California 90017.

8.     Defendant First Data Merchant Services LLC d/b/a First Data Global Leasing and Northern Leasing Systems Inc. are hereinafter collectively referred to as "Defendants".

9.     At all times herein mentioned, the acts and omissions of Defendants jointly and severally proximately caused the injuries and damages as herein alleged.

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over Defendants because Defendants, directly or through an agent, have transacted business and engaged in tortious and fraudulent conduct, by affirmative act or omission, in the State of California such that it reasonably anticipated being subject to personal jurisdiction before the courts of this State.  Defendants, themselves or through agents, have marketed and leased point of sale terminals in California.   Defendants have sufficient minimum contacts with this state, and/or sufficiently avail themselves to the markets of this state through its leasing and marketing within this state to render the exercise of jurisdiction by this Court permissible.   Further, this Court has personal jurisdiction over Defendants because its Internet websites allow consumers to order and ship products anywhere in the United States, including Los

6

Angeles[34]. Defendants conduct business throughout the United States, including Los Angeles.

11. Venue is proper in this Court because Defendants do business in the county of Los Angeles County, California.

## IV. GENERAL FACTUAL ALLEGATIONS

12. Defendants, by and through its agents, affiliates, divisions, and joint venturers, are engaged in a state-wide predatory scheme to defraud small business owners in connection with the provision of merchant card services and the leasing and financing of associated equipment (credit card "swiping" machines).

13. Defendants, by and through its agents, affiliates, divisions, and joint venturers, approach small business owners who may want to use, or who already use, electronic payment processing services and induce them to sign up for the Defendants' credit card processing services, promising lower rates and transaction fees to switch merchant processing service providers.

14. First Data advertises that it "specializes in providing cost-effective options for leasing of point-of-sale equipment to support your business's long- and short-term needs and goals."[5]

15. First Data further claims to help "[c]onserve your capital," stating that

---

[3] First Data: https://www.firstdata.com/en_us/home.html
[4] Northern Leasing Systems Inc.: http://www.northernleasing.com/merchant.aspx
[5] https://www.firstdata.com/en_us/products/merchants/terminals-and-pos/leasing-opportunities.html

7

"[a] low monthly lease payment will allow your POS equipment to start earning for you immediately so that you can keep your focus on growing your day-to-day business."[6]

16.    First Data identifies the following Key Components, among others, of its services: "Fixed, low monthly payments help conserve capital for other business investments."[7]

17.    Plaintiff and the Class sign the Merchant Application and Agreement on behalf of the small business as well as individually as a personal guarantee.

18.    In the Merchant Processing Application and Agreement, Defendants promised that if Plaintiff breached the lease for the payment card processing equipment, the early termination fee would be less than $1,000.

19.    Nevertheless, Defendants breached this promise by charging an acceleration fee and charging the remainder of the lease payments when Plaintiff and the Class terminated the lease early, making such sum immediately due; therefore, the termination fee is far in excess of fee disclosed in the Merchant Processing Agreement & Application.

20.    Defendants also misrepresent and fail to disclose that payments will be accelerated in the event Plaintiff terminates the lease.  Instead, Defendants disclose

---

[6] https://www.firstdata.com/en_us/products/merchants/terminals-and-pos/leasing-opportunities.html
[7] https://www.firstdata.com/en_us/products/merchants/terminals-and-pos/leasing-opportunities.html

8

only a one time Early Termination Fee that is a sum certain and is less than $1,000.

21.    Plaintiff and the class members sign the Merchant Processing Application and Agreement consisting of a few pages, and without conspicuously and in a meaningful way, disclosing that Defendants will also demand the remaining payments due under the Lease if the Plaintiff decides to terminate the lease early.

22.    The agreement contains unconscionable provisions, including long-term leases that require the small business owner to pay wildly inflated monthly rental fees for credit card processing terminals, and require the small business owners to personally guarantee the agreement.

23.    The agreement is a contract of adhesion.

24.    The agreement is also illusory because Defendants may terminate the agreement at any time without consequences.

25.    Defendants also fail to disclose hidden fees (an Equipment Protection Program fee and a lease fee), which are not meaningfully or adequately disclosed to the consumer.

26.    The leases offered by Defendants are exorbitantly inflated and unconscionable. The Defendants lease equipment with a fair market value between $200 and $400 dollars if purchased outright. The lease payments for Class Members range between $75 and $200 dollars per month over a period of at least 48 months, so that merchants end up paying at least between $3,600 and $9,600 for the equipment. Defendants hides the actual fair market value of the equipment from the

9

small business owners.   The exorbitant hidden lease is so high as to be unconscionable, unethical, unfair, and not reasonably related to actual cost of the machine being leased.   Such practices are unfair, unlawful, deceptive, unethical, and/or fraudulent.  This pricing discrepancy alone is enough to fall within the scope of an unfair, unethical, unconscionable, and/or deceptive practice; however, the issue is severely compounded by the Defendants' policies and practices when a person terminates the lease early.

27.     To put it into perspective, Plaintiff leased a device, which, upon information and belief, if purchased outright, would have been less than approximately two to three months of Plaintiff's lease payment. Instead, Plaintiff was duped into signing up for a multi-year, several thousand dollar, lease.  Plaintiff cancelled the lease.  Upon cancellation, Defendants accelerated all payments due under the lease and demanded immediate payment in the amount of $4,815.73.  The $4,815.73 amount exceeded by nearly $4,000.00 the Early Termination Fee that was disclosed to Plaintiff.   Defendant subsequently directed its attorneys to commence a civil suit against him to recover "all monies due under the lease agreement and applicable law, including default interest, courts costs and attorney's fees as may be appropriate, unless you promptly pay the outstanding balance of $4,815.73 within ten (10) days from the date of this letter." *See*, Exhibit A, Final Demand.  Additionally, Defendant Northern Leasing Systems Inc., First Data's agent, advised that "your delinquency has been reported to the credit bureaus as a

10

chargeoff or collection account and will be reflected on your credit report." *See, id.*

28.     Defendants, in contrast to the industry practice of capping the amounts at which equipment can be leased based on the purchase price of the equipment, have instead charged monthly rates that have no reasonable relationship to the price of the equipment and lock merchants into multiple-year leases.

29.     At the end of an FDGL equipment lease, the merchant does not even become the owner of the equipment, but rather, may purchase the equipment for an **additional** cost that is calculated with respect to the length of the lease.

30.     In the event that a merchant wishes to cancel before the conclusion of the lease, the First Data demands an astronomical fee for the remaining monthly payments on the lease in the form of one lump sum (essentially a Liquidated Damages penalty) and can often total thousands of dollars or First Data Global Leasing will send the individual and/or business into collections and/or file a lawsuit against the individual and/or the business to collect the remaining payments. *See, e.g.*, Exhibit A, Final Demand.   This astronomical fee exceeds the Early Termination Fee set forth in the Merchant Processing Application & Agreement.

31.     Each month, Defendants unfairly, deceptively, and/or unconscionably withdraws from Plaintiff or Plaintiff's business' account: (a) unconscionable equipment lease fees that bear no reasonable relation to the value of the point of sale terminal; and (b) an "Equipment Protection Program" fee, which purports to provide what is in fact illusory insurance coverage for the "leased equipment."

11

COMPLAINT
Case No.:

32.   Customers who do not provide proof of insurance are charged an Equipment Protection Program fee, which Defendants debit from Plaintiff's bank accounts without their consent.

33.   The fee serves no legitimate purpose but is merely a vehicle for imposing additional "junk fees" or hidden "excess charges" designed to line the pockets of Defendants at the expense of unsuspecting small business owners.

34.   Indeed, First Data does not have any real risk exposure or need to impose an insurance requirement because the average customer's monthly lease payment and Equipment Protection Program fee are already grossly disproportionate to the actual value of the equipment and the incremental cost of insuring the equipment. In a FDGL lease, the customer pays approximately $50 to $200 or more a month over several years for a basic credit card swiping machine, typically one that is manufactured by First Data. However, the exact same machine can usually be purchased outright for between $175 and $350 at office supply stores like Office Depot and Staples, and numerous online retailers. As a result, many customers end up paying $7,000 or more to lease a piece of equipment that has a retail value of $350 or less.

35.   Nevertheless, due to the unfair and deceptive practices of Defendants, most customers, who come to First Data primarily for card processing services, not equipment leases, have no idea that the equipment can be purchased rather than leased and, therefore, the fee can be avoided all together.

12

36.     The enormous disparity between the equipment's real value and the aggregate monthly lease payments is unfair, unconscionable, unlawful, and/or deceptive. Customers are being charged an additional amount per month to have the inexpensive piece of equipment insured against the risk of damage or loss, notwithstanding the fact they may already be renting the equipment for more than 25 times its retail value.  In most cases, the amounts paid over the course of the lease in insurance premiums and fees, alone, would be enough to purchase the equipment outright. However, because FDGL's insurance requirement can only be discovered after wading through a 50 plus page Program Guide (which is not provided to the customer), most customers enter into these leases unaware of any equipment insurance requirement.

37.     Furthermore, because of Defendants' billing practices, the Equipment Protection Program fees are hidden, and customers are not likely to notice if they have been assessed additional Equipment Protection Program fees.

38.     Customers do not receive separate invoices for equipment lease payments.  Rather, the lease payments are made in conjunction with the debiting of fees under the customer's payment processing agreement, through which First Data has access to the customer's bank accounts. On a monthly basis, First Data debits the lease payment, the Equipment Protection Program fee, and a multitude of other fees related to the payment processing agreement—many of which vary in amount from month to month depending on the volume of transactions—from the

13

1  customer's account.

2  ## V.   FACTUAL ALLEGATIONS RELATING TO PLAINTFF

3
4  39.     Defendants, directly or through an agent, promised Plaintiff that

5  Plaintiff could substantially reduce Plaintiff's costs for credit card processing if

6  Plaintiff agreed to enter an agreement with Defendants and an associated lease for

7  Plaintiff's credit card processing equipment.  At the time, Plaintiff was using a

8
9  different merchant service provider for credit and debit card payment transactions.

10  40.     Defendants made several misrepresentations and omissions of material

11  fact to Plaintiff as described throughout the Complaint. Defendants misrepresented

12
13  to Plaintiff that Plaintiff had to use First Data's credit card machine and that buying

14  one would cost thousands of dollars, which is consistent with the training manuals

15  that Defendants provide to the sales agents.  Furthermore, Defendants failed to

16
17  disclose that the actual cost of the machine is less than $300 and that Plaintiff would

18  actually save thousands of dollars by purchasing the device outright.

19
20  41.     Based upon Defendants' material omissions and/or unfair, deceptive,

21  unlawful, and/or fraudulent policies and/or practices, Plaintiff executed the

22  Merchant Processing Application and Agreement, which upon information and

23  belief, is consistent with how Defendants and Defendants' agents are trained.
24
25  42.     When Plaintiff entered into the lease for the credit card swiping

26  machine with Defendants, he was not shown the material term that if he stopped

27  paying, First Data would accelerate payments and the remainder of the lease would

28
14

COMPLAINT
Case No.:

come due. Said differently, Defendants failed to meaningfully and adequately disclose that Defendants would require immediate payment of all remaining lease payments in the event Plaintiff terminated the lease early.

43.    If Plaintiff had known of the material term material term that if he stopped paying on the lease for credit cards swiping machine, there was an acceleration clause and the remainder of the lease would come due, he would have never entered the lease.

44.    Defendants still vigorously pursue collections against lease holders even if the leased device is returned in an unopened box.

45.    Furthermore, Defendants slammed Plaintiff into the unfair, unethical, deceptive, fraudulent, and/or unlawful Equipment Protection Program Fee that Plaintiff did not provide informed consent to enroll into.

46.    Lastly, Defendants have unfairly put Plaintiff into collections, trying to recover the remaining balance due under the lease and have threatened to file suit.

**VI.    CLASS ACTION ALLEGATIONS**

47.    Plaintiff brings this action and seek to certify and maintain it as a class action under California Code of Civil Procedure Sec. 382 and Civil Code Sec. 1781, individually and on behalf of the following Class:

**The Class (the "Class")**

15

All individual and business entity citizens of the state of California who signed a Northern Leasing Systems Inc. Merchant Processing Application and Agreement and paid First Data (a) a lease fee for credit card processing equipment and/or (b) an Equipment Protection Program fee.

48.   Excluded from the Class are Defendants and their subsidiaries; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and his/her immediate family. Plaintiff reserves the right to revise the Class definition based upon information learned through discovery.

49.   The claims of all Class members derive directly from a single course of conduct by the Defendants. Defendants have and continue to engage in uniform and standardized conduct toward the Class members. Defendants do not differentiate, in degree of care or candor, in their actions or inactions, or the content of their statements or omissions, among individual Class members. Accordingly, Plaintiff brings this lawsuit as a class action on Plaintiff's own behalf and on behalf of all other persons similarly situated pursuant to California Code of Civil Procedure Sec. 382 and Civil Code Sec. 1781. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these provisions.

50.   Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of Plaintiff's claims on a class-wide basis using the same evidence as would be used to prove those elements in

16

individual actions alleging the same claim.

51.   This action has been brought and may be properly maintained on behalf of the Class proposed herein under California Code of Civil Procedure Sec. 382 and Civil Code Sec. 1781.

52.   **Numerosity.** The Class is so numerous that joinder of all members is impracticable.  While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed the class includes hundreds, if not thousands, of members. The numerosity requirement is, therefore, satisfied.

53.   **Ascertainability.**   Each of the Class is ascertainable because its members can be readily identified using business records, contracts, and other information kept by Defendants in the usual course of business and within their control. Plaintiff anticipates providing appropriate notice to the Class to be approved by the Court after class certification, or pursuant to court order.

54.   **Commonality and Predominance.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. These common questions include, but are not limited to, the following:

a.   Whether Defendants unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly misrepresented the terms of the agreement;

b.   Whether Defendants unfairly, unethically, unlawfully, falsely,

17

fraudulently, deceptively, misleadingly, unconscionably, and/or confusingly induced Plaintiff and the Members of the Class into signing the agreement based on omissions, misrepresentations, and/or false promises;

c.   Whether Defendants unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly omitted that the lease is more than 25 times than the actual cost of the terminal being leased;

d.   Whether Defendants unfairly, unethically, unlawfully, falsely, deceptively, misleadingly, unconscionably, and/or confusingly omitted that the lease fee is not reasonably related to the actual cost of the equipment being leased;

e.   Whether the Defendants engage in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices by failing to meaningfully and adequately disclose that Defendants will seek more than $999.00 from Plaintiff in the event the lease is terminated early;

f.   Whether the Defendants engage in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices by failing to meaningfully and adequately disclose that Defendants will seek more than $999.00 from Plaintiff in the event the lease is terminated early;

g.   Whether Defendants engaged in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices by failing to take the steps to reasonably estimate the actual cost to Defendants in the event Plaintiff and the Class were to breach the Lease;

h.   Whether Defendants engaged in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices by taking the steps to estimate the actual cost to Defendants in the event of a breach and charging more than the estimate;

i.   Whether the lease termination fee, including an acceleration fee, is an unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent liquidated damages clause;

j.   Whether the lease termination fee, including an acceleration fee, are both liquidated damage penalties;

k.   Whether Defendants' marketing, sales, and/or other business practices are unfair, deceptive, unlawful, fraudulent, unconscionable, and/or unethical;

18

l.     Whether Plaintiff and the Class are entitled to compensatory, actual, and/or statutory damages as a result of Defendants' unfair, unlawful, unethical, deceptive, unconscionable, and/or fraudulent conduct;

m.     Whether Defendants unfairly, unlawfully, unconscionably, fraudulently, falsely, and/or deceptively failed to inform class members of the exorbitant rates for leasing equipment;

n.     Whether Defendants violated the applicable consumer protection statutes;

o.     Whether Defendants concealed material facts in its advertising materials and agreement and/or failed to adequately disclose to Plaintiff material facts;

p.     Whether Defendants have engaged in deceptive acts or practices in connection with the sales, marketing, and/or administration of its services;

q.     Whether Defendants breached one or more agreements with Plaintiff and the Class Members;

r.     Whether Defendants' agreement is unconscionable and/or contain unconscionable provisions;

s.     Whether Plaintiff and the Class are entitled to actual damages; and/or

t.     Whether Plaintiff and the Class are entitled to injunctive, declaratory relief, or other equitable relief.

2.     **Typicality.** Plaintiff's claims are typical of the claims of the Class, because, among other things, Plaintiff and all Class members were comparably injured through Defendants' wrongful conduct as described above.   Plaintiff's interests coincide with, and are not antagonistic to, those of the other class members. Plaintiff has been damaged by the same wrongdoing set forth in this Complaint.

55.     **Adequacy.** Plaintiff is an adequate class representative because

19

Plaintiff has retained counsel competent and experienced in complex class action litigation; Plaintiff and Plaintiff's counsel are aware of no conflicts of interest between Plaintiff and absent Class Members; Plaintiff is knowledgeable about the subject matter of this action and will assist counsel to vigorously prosecute this litigation and has or can acquire adequate financial resources to assure that the interests of the Class will not be harmed. The interests of the members of Class will be fairly and adequately protected by Plaintiff and Plaintiff's counsel. As such, Plaintiff meets the adequacy requirement.

56.    **Declaratory and Injunctive Relief.** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

57.    **Superiority.** The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Even if members of the Class themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and

20

factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

58.    In the alternative, the Class may be certified because:

a.    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class;

b.    The prosecution of separate actions by individual members of the Class would create varying standards of conduct required of the Defendants;

c.    The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

d.    Defendants have acted, or refused to act on, grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

## VII.  CAUSES OF ACTION

**COUNT I**
**BREACH OF CONTRACT /**
**(On Behalf of Plaintiff and the Class)**

59.    Plaintiff realleges and reincorporates by reference the allegations of

21

this Class Action Complaint as if fully set forth herein.

60.   Plaintiff and Defendants have contracted in writing to lease payment card processing equipment.

61.   In the written contract, the Merchant Services Application and Agreement, Defendants promised that if Plaintiff terminated the lease for the payment card processing equipment early, the early termination fee would be less than $1,000.

62.   Nevertheless, Defendants breached this promise by charging an acceleration fee and charging the remainder of the lease payments, making such sum immediately due; therefore, the termination fee is far in excess of $999.00.

63.   Defendants breached the written agreement by trying to collect from Plaintiff and Class Members more than the sum disclosed in the written contract.

64.   Defendants are liable for the losses of Plaintiff and the Class that have resulted from Defendants' breaches of the parties' written contractual agreement.

65.   Plaintiff and members of the Class have sustained damages as a result of Defendants' breaches of the agreement.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING
### (On Behalf of Plaintiff and the Class)

66.   Plaintiff realleges and reincorporates by reference the allegations of this Class Action Complaint as if fully set forth herein.

67.   Good faith is an element of every contract pertaining to the assessment

22

of overdraft fees.  Whether by common law or statute, all such contracts impose upon each party a duty of good faith and fair dealing.  Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain.  Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form.  Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

68.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified.  A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty.  Examples of violations of good faith and fair dealing are evasion of the spirit of the bargain, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

69.     Defendants have breached the covenant of good faith and fair dealing by interpreting the termination fee to be more than $1,000 for the reasons stated more fully herein.

70.     The covenant of good faith and fair dealing constrains Defendants' discretion to abuse self-granted contractual powers.

71.     Plaintiff and the Class have performed all, or substantially all, of the

23

COMPLAINT
Case No.:

1    obligations imposed on them under the agreement.

2         72.    Plaintiff and members of the Class have sustained damages as a result

3    of Defendants' breaches of the agreement as modified by the covenant of good faith
4
5    and fair dealing as explained herein.

6                                  **COUNT III**
     **VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
7          **(California Business & Professions Code §§ 17200, *et seq.*)**
8                      **(On Behalf of Plaintiff and the Class)**

9         73.    Plaintiff realleges and incorporates by reference all preceding
10
11   allegations as though fully set forth herein.

12        74.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code

13   §§ 17200, *et seq.*, defines unfair business competition to include any "unfair,"
14
15   "unlawful," or "fraudulent" business act or practice. The Act also provides for

16   injunctive relief, restitution, and disgorgement of profits for violations.

17        75.    Defendants' unlawful, unfair, and/or fraudulent business acts and
18
19   practices, as described herein, were and are in violation of the UCL. Defendants'

20   conduct violates the UCL in the following ways:

21
                 a. Failing to disclose that the equipment could be purchased for
22                  a fraction of the cost that it costs to lease the equipment, and
23                  such failure induced Plaintiff to enter an unconscionable
                    lease;
24
25               b. Failing to disclose that the cost to lease the equipment is not
                    reasonably related to the actual cost of the machine being
26                  leased, and such failure induced Plaintiff to enter an
27                  unconscionable lease;

28                                        24

COMPLAINT
Case No.:

c. Failing to provide an accurate comparison of the cost to buy v. lease the equipment, and such failure induced Plaintiff to enter an unconscionable lease;

d. Failing to meaningful and adequately disclose the material terms of the agreement as set forth herein;

e. Failing to disclose that Defendants' credit card processing equipment cost anywhere between $175 and $350 at office supply stores like Office Depot and Staples, but in Defendants' lease, Defendants' customers end up paying between $5,000.00-$10,000.00 over the course of the lease, and such failure induced Plaintiff to enter an unconscionable lease;

f. Misrepresenting the actual terms of the agreement, and such failure induced Plaintiff to enter an unconscionable lease;

g. Failing to meaningfully and adequately disclose the cost leasing the equipment;

h. Failing to meaningfully and adequately disclose the cost of terminating the lease early;

i. Failing to meaningfully and adequately disclose the Equipment Protection Program fees;

j. Not obtaining affirmative informed consent from the persons and/or consumers prior to charging Plaintiff and the Class the lease fee, the Equipment Protection Program Fee, or all remaining payment in the event of terminating the lease early;

k. Not meaningfully and/or adequately disclosing all material terms prior to filling out the Merchant Processing Application and Agreement;

l. charging a termination fee including the termination fee with acceleration clause making the entire lease amount due is not based on a reasonable advance estimate of the actual or anticipated loss (i.e., costs) that might be caused to

25

Defendants by breach of the lease; and/or

m. Failing to meaningfully and adequately disclose that Defendant will seek more than $999.00 from Plaintiff in the event the lease is terminated early;

n. Failing to take the steps to reasonably estimate the actual cost to Defendants in the event Plaintiff and the Class were to breach the Lease;

o. Failing to take the steps to estimate the actual cost to Defendants in the event of a breach and charging more than the estimate;

p. By violating other California laws, including Cal. Bus. & Prof. Code § 17500, *et seq.*, and Cal. Corp. Code § 25000, *et seq.* (described below); and/or Violating other statutory law.

q. Charging a liquidated damages penalty; and/or

r. Charging a termination fee including the termination fee with acceleration clause making the entire lease amount due do not, in fact, bear a reasonable relationship to the costs incurred by Defendants as a result of the breach of the lease.

76.   Defendants' omissions and other unfair and deceptive practices alleged herein caused Plaintiff and the other Class members to enter a lease with Defendants. Had they been aware of the information omitted by Defendants and other unfair and deceptive practices alleged herein, Plaintiff and the other Class members would not have entered into a lease with Defendants.

77.   Defendants' aforementioned practices are also immoral, unethical, oppressive, or unscrupulous and causes injury to consumers which outweigh its benefits.

78.    Accordingly, Plaintiff and the Class members have suffered injury in fact, including lost money or property as a result of Defendants' unlawful, unfair, and fraudulent business acts and/or practices.

79.    Plaintiff seeks to enjoin further unlawful, unfair, and/or fraudulent acts or practices by Defendants, under Cal. Bus. & Prof. Code § 17200.

80.    Plaintiff requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing its unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the Class members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ. Code § 3345; and for such other relief set forth below.

## COUNT VI
## FRAUD
### (On Behalf of Plaintiff and the Class)

81.    Plaintiff realleges and reincorporates by reference the allegations contained within this Class Action Complaint as if fully set forth herein.

82.    Defendants knowingly concealed material facts and made numerous false representations as described more fully herein with the intent to deceive Plaintiff and Class Members and to entice consumers to sign the Merchant Processing Application and Agreement with a lease with Defendants.

83.    As set forth more fully above, Defendants made material misrepresentations to Plaintiff and Class Members to induce them to sign the

27

Merchant Processing Application and Agreement with a lease with Defendants.

84.   Defendants knew that their representations were false and knowingly concealed from Plaintiff and Class Members material information as set forth above.

85.   Defendants' false representations were material to the lease between Defendants and Plaintiff and Class Members. Further, Defendants concealed material facts at the very heart of these transactions. Defendants made these false representations and concealed these material facts with the intent to mislead Plaintiff and Class Members.

86.   Plaintiff and Class Members were justified in relying upon Defendants' false representations and/or concealments in considering whether to sign the Merchant Processing Application and Agreement with a lease with Defendants, and did in fact rely upon them and were misled.

87.   Defendants' concealments and misrepresentations were common and uniform with respect to Plaintiff and Class Members and enticed consumers to to sign the Merchant Processing Application and Agreement with a lease with Defendants

88.   Defendants knowingly and intentionally made these false representations and concealed these material facts.

89.   Defendants' conduct was intentional, willful, wanton, malicious and egregious, and as a direct and proximate result of Defendants' fraudulent conduct,

28

Plaintiff and Class Members have suffered damages entitling them to compensatory damages, plus interest, attorney's fees and costs in an amount to be determined at trial.

## COUNT V
## VIOLATION OF CALIFORNIA COMMON LAW
### (On Behalf of Plaintiff and the Class)

90.     Plaintiff realleges and reincorporates by reference the allegations contained within this Class Action Complaint as if fully set forth herein.

91.     Defendants' termination fee as well as the termination fee with acceleration clause making the remaining lease payments immediately due are both liquidated damages provisions.

92.     Under California law, damages for breach of an agreement by either party may be liquidated in the agreement only when: (1) the damages which the parties might reasonably anticipate are difficult to ascertain because of indefiniteness or uncertainty of damages; and (2) the amount stipulated either is a reasonable estimate of damages which would probably be caused by breach or is reasonably proportionate to the damages which actually have been caused by breach.

93.     In fact, the potential and/or actual costs and damages that Defendants might incur from a breach are and always have been definite, certain, and readily susceptible to accurate estimation.

94.     Moreover, the termination fee including the termination fee with

29

acceleration clause making the remaining lease payments immediately due assessed against Plaintiff and the other Class Members does not represent any reasonable endeavor by Defendant to calculate the cost to Defendants that might be cause by a breach of the lease by its customers.

95.   In fact, Defendants failed to calculate the cost to Defendants that might be caused by a breach of the lease from its customers.

96.   On information and belief, Defendants made no written cost calculations or estimates on or before Defendants set the termination fee including the termination fee with acceleration clause making the remaining lease payments immediately due. Defendants as well made no written cost calculations or estimates of the termination free including the termination fee with acceleration clause on or before Plaintiff and the Class entered the Merchant Processing Application or Agreement, nor at the time of Plaintiff and the Class Member's respective breaches.

97.   On information and belief, Defendants have never made an accurate and/or fair written cost calculation or estimate to determine whether termination fee including the termination fee with acceleration clause making the remaining lease payments immediately due is a reasonable estimate of the actual cost to Defendants for a breach.

98.   The termination fee including the termination fee with acceleration clause making the remaining lease payments immediately due is wholly unrelated to and far exceeds the actual loss suffered by Defendants as a result of the purported

30

breach of the lease.

99. Rather, Defendants unilaterally imposed a penalty on Plaintiff and the Class for the purported breach of the lease.

100. Because this penalty is not reasonably related to the actual or anticipated loss incurred by Defendants as a result of the purported breach of the lease, it is an illegal liquidated damages provision and is void as a matter of public policy.

101. Plaintiff and the Class Members have been assessed and/or paid a termination fee, including the termination fee with acceleration clause making the remaining lease payments immediately due, that were not reasonably related to Defendants' actual costs.

102. Accordingly, Plaintiff and the Class Members are entitled to damages.

**VIII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for judgment as follows:

A. For an order certifying the proposed class, appointing Plaintiff and Plaintiff's counsel to represent the proposed class, appointing counsel for Plaintiff as lead counsel for the respective class;

B. An order awarding declaratory relief and temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. Appropriate injunctive relief;

31

D.     For an order awarding restitution, disgorgement, actual damages, statutory damages, and exemplary damages under applicable law, and compensatory damages for economic loss, diminished value, and out-of-pocket costs in an amount to be determined at trial;

E.     A declaration that Defendants are financially responsible for all Class notice and the administration of Class relief;

F.     An order awarding any applicable statutory and civil penalties;

G.     An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

H.     An award of costs, expenses, and attorneys' fees as permitted by law; and

I.     Such other or further relief as the Court may deem appropriate, just, and proper under the circumstances.

## IX.    DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

DATED: September 7, 2018     LAW OFFICE OF FRANCIS J. FLYNN, JR.

/s/ Francis J. Flynn, Jr.

Francis J. Flynn, Jr.
422 South Curson Avenue
Los Angeles, California 90036
T: 314-662-2836
F: 1-855-710-7706
E: casey@lawofficeflynn.com

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

COMPLAINT
Case No.:

# EXHIBIT A

**Northern Leasing Systems, Inc.**
Exceeding at service  Exceeding expectations

525 Washington Blvd., 15th Floor, Jersey City, NJ 07310

ADDRESS SERVICE REQUESTED
LG-2023835

**Customer Information:**
Date: June 19, 2018
Lease Number: ███B835

**Amount Due: $4,815.73**

3897001202    PRESORT 1202 1 MB 0.421 P1C5 <B>

JERRY HERNANDEZ

**Please remit payment to:**
Northern Leasing Systems, Inc
PO Box 7861
New York, NY 10116

---

Please return the top portion with your payment. Keep the lower portion for your records.

Re: Equipment Lease Agreement
   Lease Number: ███B835
   Outstanding Balance: $4,815.73

# FINAL DEMAND

Dear Jerry Hernandez,

You have failed to respond to our previous Demand For Payment. By copy of this letter, we are directing our attorneys to commence a civil action against you to recover all monies due under the lease agreement and applicable law, including default interest, courts cost and attorney's fees as may be appropriate, unless you promptly pay the outstanding balance of $4,815.73 within ten (10) days from the date of this letter.

Please be advised that your delinquency has been reported to the credit bureaus as a chargeoff or collection account and will be reflected on your credit report. Once your outstanding balance is paid in full, we will notify the credit bureaus that the outstanding balance has been paid.

Please send your payment in the amount of $4,815.73 to the address stated above within ten (10) days from the date of this letter. Please write your lease number on your check or money order. Payment can also be made via CREDIT CARD, DEBIT CARD, CHECK BY PHONE or overnight delivery using our FEDERAL EXPRESS service. Please contact me to use any of the payment methods mentioned above.

I may be reached at (800) 683-5433, Ext. 8538

Please govern yourselves accordingly.

Sincerely yours,

Tomeka Small
Account Manager
Legal Collections Department

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL – CLASS ACTION/COMPLEX

Reserved for Clerk's File Stamp

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

SEP 10 2018

Sherri R. Carter, Executive Office/Clerk

By: _Betty Smith_ , Deputy
Betty Smith

CASE NUMBER:
BC 721305

Your case is assigned for all purposes to the judicial officer indicated below.

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 6 | 211 | | | | | |
| Hon. William F. Highberger | 10 | 10 | | | | | |
| Hon. John Shepard Wiley, Jr. | 9 | 9 | | | | | |
| Hon. Kenneth Freeman | 14 | 14 | | | | | |
| Hon. Ann Jones | 11 | 11 | | | | | |
| Hon. Maren E. Nelson | 17 | 17 | | | | | |
| Hon. Carolyn B. Kuhl | 12 | 12 | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | Hon. Brian S. Currey | 15 | 15 |
| | | | | | *Provisional complex (non-class action) case assignment pending complex determination | 14 | Supervising Judge 14 |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on ___SEP 10 2018___

LACIV 190 (Rev 12/17)
LASC Approved 05/06

SHERRI R. CARTER, Executive Officer/Clerk of Court

By ___Betty Smith___ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave ·to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                    (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                                (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

**TELEPHONE NO.:**   **FAX NO. (Optional):**
**E-MAIL ADDRESS (Optional):**
**ATTORNEY FOR (Name):**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

**COURTHOUSE ADDRESS:**

**PLAINTIFF:**

**DEFENDANT:**

| **STIPULATION – DISCOVERY RESOLUTION** | **CASE NUMBER:** |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACiV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to: .

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from Independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 10 2018

Sherri R. Carter, Executive Officer/Clerk
By: Betty Smith, Deputy
Betty Smith

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** FIRST DATA MERCHANT SERVICES LLC AND NORTHERN LEASING SYSTEMS INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**

JERRY HERNANDEZ, individually and on behalf of all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Stanley Mosk Courthouse<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>BC 721305 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Francis J. Flynn, Jr. Law Office of Francis J. Flynn, Jr. 422 South Curson Avenue Los Angeles, CA 90036 314-662-2836

| | | | | |
|---|---|---|---|---|
| DATE:<br>(Fecha) SEP 10 2018 | SHERRI R. CARTER | Clerk, by<br>(Secretario) Betty Smith | | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov